UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 99-06153-CR-MOORE

UNITED STATES OF AMERICA

    Plaintiff,

v.

ALEJANDRO BERNAL MADRIGAL,

    Defendant,

_____/

### REPORT AND RECOMMENDATION

**THIS CAUSE** is before the court upon Defendant Alejandro Bernal-Madrigal's ("Defendant") *sealed* Motion to Compel the United States to Cure its Breach of the Plea Agreement **[D.E. 1835]**. This matter was referred to the undersigned upon the entry of an Order of Recusal and Reassignment by United States Magistrate Judge Andrea M. Simonton. *See* **[D.E. 1837]**.

Upon review of the Motion **[D.E. 1835]**, the Response **[D.E. 1855]**, and being otherwise duly advised in the premises, the undersigned makes the following findings.

### Background

Defendant was indicted in 1999 as part of "Operation Millennium."[1] On April 17, 2003, Defendant pleaded guilty to a superseding information charging him with, among other things, engaging in a continuing criminal enterprise, in violation of 21 U.S.C. § 848 (a) and ( c) **[D.E. 1262]**.

---

[1] The name "Operation Millennium" refers to a multi-defendant case involving Colombian drug cartel leader Fabio Ochoa Vazquez.

The Plea Agreement ("Agreement") required, *inter alia*, Defendant's cooperation with the Government. Under the terms of the Agreement, the Government reserved the right to evaluate the nature and extent of the cooperation, and to decide, whether the Defendant's cooperation warranted the government's filing of a motion for reduction of his sentence. The Agreement also provided that the Government would request an "S" visa on behalf of Defendant – with the caveat that the final decision on the visa would rest with the Immigration and Naturalization Services ("INS"). The relevant portions of the Agreement shall be discussed in further detail *infra*.

The record herein reflects that Defendant was indeed "of substantial assistance in developing the investigation against other members of the conspiracy, and was a significant factor in influencing a number of them to enter guilty pleas." *See* **[D.E. 1667]**. The record also indicates that "Defendant was a critical witness who testified in the trial of Fabio Ochoa Vazquez in May of 2003." *Id.*

In accordance with the Agreement, on July 10, 2003, the Government filed a motion pursuant to U.S.S.G. § 5K1.1 in which it requested a downward departure based upon his, *inter alia*, substantial assistance **[D.E. 1505]**. The court granted the Government's motion and departed from the applicable sentencing guidelines of 262 to 327 months, and sentenced Defendant to 174 months on July 17, 2003. *See* **[D.E. 1513]**.

Almost two (2) years later on May 31, 2005, the Government filed a second motion for the reduction of the defendant's sentence – again, based upon Defendant's cooperation. *See* **[D.E. 1667]**. This motion resulted in a further reduction of Defendant's sentence from 174 months to 131 months.

Subsequently, on April 5, 2007, Defendant filed a motion to reduce his sentence yet a third time based upon additional substantial assistance that he claimed to have provided the Government.

**[D.E. 1766]**. In that Motion, Defendant indicates that he is not "suggesting or trying to portra[y] in [the] motion that the Government ha[d] failed to fulfill or w[ould] not fulfill its promises to this defendant." *See Id.* at 4. Judge K. Michael Moore denied the motion on May 3, 2007, based upon a lack of jurisdiction **[D.E. 1769]**.

On April 18, 2008, Defendant filed the instant Motion **[D.E. 1837]**, requesting that the Court enter an order compelling the government to cure its breach[2] of the plea agreement and other parole agreements entered into by the parties herein. *See* **[D.E. 1835]**. In this Motion, Defendant seeks an order requiring that the Government: (1) procure travel visas for his family, and (2) obtain a further reduction of his sentence.

### **Jurisdiction**

Upon review of the relevant Agreement, the Motion and Response thereto, the undersigned finds that the instant Motion is not properly before this Court.

A claim that Defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. *Wade v. United States*, 504 U.S. 181, (1992); *United States v. Gallegos-Curiel*, 681 F.2d 1164, 1169 (9th Cir. 1982). Judicial review of the government's decision not to file a third substantial assistance motion is only appropriate if there is an allegation and a substantial showing that the prosecution refused to file such a motion because of constitutionally impermissible motivation. *U.S. v. Dorsey,* 512 F.3d 1321 (11th Cir. 2008); *Wade*, 504 U.S. at 181.

Here, Defendant does not allege that the government acted with unconstitutional motives.

---

[2]Defendant claims that the Government breached the Agreement by failing to procure "S" visas for his family, and failing to secure yet another reduction of his sentence.

Instead, he argues that he is entitled to another reduction based on his assistance to the government. This argument, without more, is insufficient to provide a court with jurisdiction to review a decision. See *U.S. v. Rojas-Santana*, 2006 WL 1319942 (holding that District Court lacked jurisdiction to review Defendant's claim that government breached its plea agreement by failing to file a motion for sentence reduction based on defendant's substantial assistance, where the plea agreement required only that the government "consider" filing a substantial assistance motion, and defendant neither alleged nor made a substantial showing that government's refusal to file a substantial assistance motion was based on impermissible, unconstitutional motives).

Further, in his prior request (April 5, 2007) Defendant concedes that "the Government's agents and prosecutors have been extremely honest, respectful, and truthful in their dealings with this defendant." See **[D.E. 1764]**. In short, Defendant acknowledged that the Government acted in good faith in respect to fulfilling its promises.

As noted *supra*, the prior motion was denied by the district court due to lack of jurisdiction. No new basis for jurisdiction has come to light since Judge Moore's denial. In other words, this recent Motion continues to lack any allegation, let alone any evidence, that the Government's behavior was based upon improper unconstitutional motives which would entitle him to judicial review. Accordingly, this Court remains without jurisdiction to address Defendant's claims.

Notwithstanding having made that finding, the Court shall briefly touch upon the reasons why the Motion is otherwise without merit.

## Plea Agreement

The relevant terms of Defendant's written Agreement are as follows **[D.E. 1262]**.

8. This Office reserves the right to evaluate the nature and extent of the

defendant's cooperation and to make the defendant's cooperation, or lack thereof, known to the court at the time of sentencing. If in the **sole and unreviewable judgment** of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the court's downward departure from the sentence required by the Sentencing Guidelines, this office **may** at or before sentencing make a motion pursuant to Section 5K1.1 of the Sentencing Guidelines, 18 U.S.C. §3553(e), or a Rule 35 motion subsequent to sentencing, reflecting that the defendant has provided substantial assistance and **recommending** sentence reduction. The defendant acknowledges and agrees, however, that **nothing in this Agreement may be construed as to require this Office to file such a motion** and that this Office's assessment of the nature, value, truthfulness, completeness, and accuracy of the defendant's cooperation shall be binding on the defendant.

13. If the defendant requests, and in the judgment of the United States the request is reasonable, the United States will make an application with the Immigration and Naturalization Services ("INS") for an "S" Visa on behalf of the defendant. It is understood that the United States has authority only to apply for and recommend an "S" visa, and that the **final decision to issue the visa rests with the INS**, which will make its decision in accordance with its applicable regulations.

14. This is the entire agreement and understanding between the United States and the defendant. There are **no other agreements, promises, representations, or understandings.**

*See* Agreement **[D.E. 1262 ]** at ¶ ¶ 8, 13 & 14. (emphasis added).

## Analysis

In determining whether the government breached the Agreement, the court must decide whether the government's actions were inconsistent with what the Defendant reasonably understood when he entered his guilty plea. *Johnson v. Beto*, 466 F.2d 478, 480 (5th Cir. 1972). In this regard, it is important to note that ¶ 14 noted *supra* constitutes an integration clause which clarifies that "there [were] no other agreements" beyond those stated therein. Accordingly, this court can only consider the four corners of the Agreement in assessing the Defendant's claim of breach, even if the

5

defendant claims that he misunderstood the agreement. *See In re Grand Jury Proceedings (Perdue)*, 819 F.2d 984 (11th Cir. 1987) (holding that the plea agreement did not preclude the government from attempting to compel testimony from Defendant and rejecting his claim of breach even though it recognized that Defendant may have misunderstood the Agreement).

As a general matter, any ambiguities in the Agreement should be resolved against the Government. *Allen v. Thomas*, 161 F.3d 667, 671 (11th Cir. 1995) (citing *San Pedro*, 79 F.3d at 1047); *see also, United States v. Remis*, 969 F.2d 985, 988 (11th Cir. 1992). However, here, the language of the Agreement *sub judice* is clear and unambiguous. The government only agreed to be bound to the promises listed in the Agreement.

### "S" Visas

With respect to the "S" visas, the Agreement does not contain any promise by the Government to **procure** said visas for Defendant. Rather, it clearly states that the Office of the United States Attorney ("USAO") agreed to **apply** for an "S" visa on behalf of the Defendant. The Agreement made clear that the ultimate decision to issue the visa would rest with the Immigration and Naturalization Service ("INS"). *See* ¶ 13 *supra*.

Notwithstanding any other alleged promises that may have been made in regards to obtaining visas, Defendant was aware that this was the final and only promise legally binding on the government when he signed the Agreement. Therefore, failure on the part of the Government to obtain "S" visas for Defendant's family cannot constitute a breach of the Agreement.

### Reduction in Sentence

According to the Agreement, the USAO reserved the right to evaluate the nature and extent of Defendant's cooperation, and to decide, in its sole discretion, whether such cooperation warrants

the Government's filing of a motion for reduction of his sentence. *See* ¶ 8 *supra*.  The Agreement also provides that nothing therein can be construed to **require** the USAO to file such a motion, and that Defendant would be bound by the USAO's evaluation of his cooperation. *Id.* (emphasis added).

In light of the Government's explicit reservation of the right to decide whether such a motion should be filed, any such motion is purely at the Government's discretion. In other words, the Government has the power, not a duty, to file such a motion. *See United States v. Forney*, 9 F.3d 1492, 1500 (11th Cir. 1993). Here, the Government fulfilled its promise by obtaining reductions of Defendant's sentence. The Government's decision to not file a third motion for reduction of sentence does not constitute a breach of the Agreement.

### Recommendation

Accordingly, it is **RESPECTFULLY RECOMMENDED** that Defendant's Motion **[D.E. 1835]** be **DENIED**.

Pursuant to 28 U.S.C. § 636 (b) (1)( C), the parties may file written objections to this Report and Recommendation with the Honorable K. Michael Moore, United States District Court, within ten (10) days of receipt. Failure to file objections timely shall bar the parties from attacking on appeal any factual findings contained herein. *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149, *reh'g denied*, 7 F.3d 242 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988) *cert. denied*, 488 U.S. 958 (1988).

**RESPECTFULLY RECOMMENDED** in Chambers, at Miami, Florida this ___3___ day of July 2008.

**William C. Turnoff**
**Unites States Magistrate Judge**