UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 99-06153-CR-KMM

UNITED STATES OF AMERICA,

    Plaintiff(s),

vs.

ALEJANDRO BERNAL-MADRIGAL,
#62493-004,

    Defendant.
_____/

## OMNIBUS REPORT AND RECOMMENDATION

**THIS CAUSE** is before the undersigned upon several Orders of Reference entered by the Honorable K. Michael Moore. See **[D.E. 1961, 1971 & 1974]**.

The following motions are fully briefed and are ripe for review: Defendant Alejandro Bernal-Madrigal's ("Defendant") Motion for Order to Show Cause why Sanctions Should not be Imposed Against the Government **[D.E. 1941]**, Defendant's Expedited Motion to set Pending Motion for Order to Show Cause **[D.E. 1953]**, Defendant's Motion for Leave to Supplement Pending Motion **[D.E. 1959]**, Defendant's Motion for Order Enjoining Federal Bureau of Prisons and Warden Atkinson from Destroying Digitalized Tape Recordings of Telephone Calls Between Defendant and Attorney Michael Blacker **[D.E. 1960]**, Defendant's Motion to Appoint Counsel **[D.E. 1967]**, and Defendant's Motion to Produce **[D.E. 1968]**.

Upon review of the Motions, the Responses, the Replies, the court file, and being otherwise duly advised in the premises, the undersigned makes the following findings.

### Background

The Court record is replete with recitations of the long and tortured history of this case.

Accordingly, only a brief summary of the pertinent background is needed for present purposes.

The issues raised in the motions noted *supra* relate back to Defendant's April 18, 2008 *Sealed*[1] Motion to Compel the United States ("Government") to Cure its Breach of the Plea Agreement.[2] **[D.E. 1835, 1868]**. In the Motion, Defendant claimed that the Government breached the Agreement by failing to procure "S" visas for his family, and failing to secure another reduction of his sentence. Said Motion was referred to the undersigned.

On July 3, 2008, this Court entered a Report and Recommendation recommending that the Motion be denied. **[D.E. 1871]**. Defendant filed objections to the Report. **[D.E. 1890]**. Ultimately, the Report and Recommendation was adopted by Judge Moore on September 15, 2008. **[D.E. 1894]**. Defendant filed a Notice of Appeal to the Eleventh Circuit on September 19, 2008. **[D.E. 1895]**.

The appeal remains pending.

In the interim, Defendant filed a "Motion for Order Certifying to the Eleventh Circuit that the Court Would be Inclined to Grant a 59(e) Motion if the Court had Jurisdiction to do so." **[D.E. 1907]**. In the Motion, Defendant asks the Court to vacate its prior Order denying his Motion to Compel. Id. Same was denied by Judge Moore on December 23, 2008. **[D.E. 1922]**.

On February 6, 2009, Defendant filed a Motion for Relief from the denial order. **[D.E. 1940]**. Same was denied on May 1, 2009. **[D.E. 1982]**. Judge Moore's Order indicates that the Motion

---

[1]The Motion has since been unsealed.

[2]The Agreement required, *inter alia*, Defendant's cooperation with the Government. Under the terms of the Agreement, the Government reserved the right to evaluate the nature and extent of the cooperation, and to decide, whether the Defendant's cooperation warranted the government's filing of a motion for reduction of his sentence. The Agreement also provided that the Government would request an "S" visa on behalf of Defendant – with the caveat that the final decision on the visa would rest with the Immigration and Naturalization Services ("INS")

was denied "in light of this Court's Order dated December 23, 2008 **[1922]** wherein this Court adopted Magistrate Judge Turnoff's Report and Recommendation **[1971]** after a *de novo* review of the record and upon consideration of Defendant's Objections." See Id.

Since then, Defendant has filed the various Motions noted above. Each motion shall be addressed in turn.

### [D.E. 1941]   Defendant's Motion for Order to Show Cause why Sanctions Should not be Imposed Against the Government

In this Motion, Defendant argues that sanctions are appropriate because, *inter alia*, the Government failed to serve several responses to Defendant's Motion to Compel Compliance with the Plea Agreement. **[D.E. 1855]**. Defendant argues that sanctions are likewise warranted, because AUSA Del Toro misrepresented the dates of certain events. In its Response,[3] the Government argues that there was no intentional failure to forward pleadings. The Government also argues that awarding sanctions based upon a rumor reported in a newspaper article is inappropriate.

Upon review of the Motion, the Response, and the court file, the undersigned finds that Defendant's Motion is without merit. There is no evidence of misconduct and/or resulting prejudice. Further, the Government correctly notes that the pleadings at issue did not require a response. In short, the undersigned finds that the Government has continued to keep its promises to Defendant under the Agreement.

Accordingly, it is hereby **RESPECTFULLY RECOMMENDED** that Defendant's Motion for Order to Show Cause why Sanctions Should not be Imposed Against the Government be

---

[3] For present purposes, the Court shall treat the Government's response – a formal pleading signed by a AUSA Soto, an Officer of the Court– as an affidavit.

**DENIED**.

**[D.E. 1953]   Defendant's Expedited Motion to set Pending Motion for Order to Show Cause**

In this Motion **[D.E. 1953]**, Defendant requests that the Motion noted *supra* **[D.E. 1940]** be set for hearing on an expedited basis – due to his then projected release[4] date of April 17, 2009. Defendant's motion sought expedited review based upon the possibility of deportation. In its Response, the Government sets forth the many procedural steps it has taken to prevent Defendant's deportation. See Government's *Sealed* Response. **[D.E. 1979]**. Said Response is supported by the Affidavit of DEA Special Agent Paul Cohen (DEA). See Id at Ex. A  Upon review of same, the undersigned finds that the Government has continued to keep its promises to Defendant under the Agreement.

Further, the record indicates that Defendant has been released into ICE custody, and has been placed on "deferred status." His current status protects him from deportation; as such, there is no need for an expedited hearing. Consistent with the above and foregoing, it is hereby **RESPECTFULLY RECOMMENDED** that the Motion **[D.E. 1953]** be **DEEMED MOOT**.

**[D.E. 1950]   Defendant's Motion for Leave to Supplement Pending Motion**

In this Motion **[D.E. 1959]** Defendant seeks leave of Court to file a supplement (filed simultaneously with the motion) to his pending Motion for Order to Show Cause **[D.E. 1941]**. The Court has reviewed the supplement and has considered same. Accordingly, it is **RESPECTFULLY RECOMMENDED** that Defendant's Motion for Leave **[D.E. 1959]** be **GRANTED**.

---

[4] As noted in this Court's May 7, 2009 Order, Defendant is currently incarcerated at the Krome Detention Center in Miami, Florida. **[D.E. 1987]**.

**[D.E. 1960]   Defendant's Motion for Order Enjoining Federal Bureau of Prisons and Warden Atkinson from Destroying Digitalized Tape Recordings of Telephone Calls Between Defendant and Attorney Michael Blacker**

In this Motion **[D.E. 1960]**, Defendant requests an order prohibiting the destruction of digitalized tape recordings of the telephone calls between himself, and his former attorney, Michael Blacker, during the months of February and May 2009. In support of the Motion, Defendant notes that the Bureau of Prisons has a ninety (90) day retention policy as to the electronic recordings. Defendant also states that the tapes are essential in proving the allegations of misconduct and misrepresentation he has raised as to Assistant United States Attorney Alejandro Soto ("AUSA Soto"). Defendant claims that the tapes will show, *inter alia*, AUSA Soto's "misuse of the Court's name."

At the request of the Court,[5] the Government has taken steps to ensure that none of the evidence, including, but not limited to tape recordings be preserved. See Notice of Ministerial Orders (May 7, 2009) **[D.E. 1987]**. Accordingly, in the interest of maintaining the *status quo*, it is hereby **RESPECTFULLY RECOMMENDED** that this Motion **[D.E. 1960]** be **GRANTED-IN-PART and DENIED -IN-PART**. To the extent that Defendant requests production[6] of the tapes, it is **RESPECTFULLY RECOMMENDED** that same be **DENIED** *without prejudice*.

**[D.E. 1967]   Defendant's Motion to Appoint Counsel**

Defendant seeks the appointment of CJA counsel for assistance with the current litigation

---

[5]On May 7, 2009, this Court entered an Order requiring that all evidence (emails, recordings, etc.) raised in Defendant's pleadings be preserved. See **[D.E. 1987]**

[6]Defendant's Motion is not styled as one seeking production of the tapes. However, Defendant does make that request in the body of the motion. See **[D.E. 1960]**.

and above-noted Motions. Defendant argues that upon his transfer to the Krome Detention Center he will no longer have access to the prison law clerks. The Government has not specifically responded to this Motion.

The Court has reviewed the file and record in this case. At this time, based upon the concerns[7] raised by Defendant, the relief requested by Defendant, and given the resolution of the discreet issues before the Court, the undersigned finds that there is currently no justification for the appointment of CJA counsel.

Accordingly, upon review of the Motion, the court file, and being otherwise duly advised in the premises, it is hereby **RESPECTFULLY RECOMMENDED** that same be **DENIED** *without prejudice*.

**[D.E. 1968]   Defendant's Motion to Produce**

In this Motion **[D.E. 1968]**, Defendant requests production of all emails between AUSA Soto and Mr. Blacker. Defendant claims that the emails will reveal certain promises that were made regarding, among other things, his seized property and monetary compensation. The Government denies these allegations.

For present purposes, this Court shall treat the Government's Status Report and Omnibus Response to Defendant's Motion to Preserve Digitalized Recording, Appoint Counsel, and Produce Emails **[D.E. 1981]** as an affidavit. Said document is a pleading that was duly filed in this action, and signed by AUSA Soto, as an officer of the court. In its Response, the Government states that it has kept its promises to Defendant and has never stopped working to secure Bernal's deferral. The

---

[7]As noted *supra*, Defendant's concerns regarding imminent deportation have been addressed and remedied – e.g. his "deferred status" protects against deportation.

Response further indicates that Defendant's allegations are the result of a misinterpretation of AUSA Soto's communications with Mr. Blacker. The Response goes on to summarize the steps taken by the DEA and the Government to have requisite documents properly processed in order to facilitate the S Visa application. The record, which includes the affidavit of DEA Agent Cohen, supports the Government's arguments.

Further, in its Sealed Response to another Motion **[D.E. 1953]**, the Government indicates that AUSA Soto conferred with AUSA Ryan and DEA Agent Minh Nguyen, both of whom confirmed that no promises were made to Defendant as to either seized property or monetary compensation. The Government's Sealed Response will also be treated as an Affidavit for present purposes.

Accordingly, based upon the present record, the undersigned finds that Defendant has failed to make either a factual or legal showing sufficient to allow for production of the emails. However, as noted above, in the interest of maintaining the *status quo*, the undersigned has ordered the Government to take steps to preserve the email communications mentioned in Defendant's pleadings.

Consistent with the above and foregoing, it is hereby **RESPECTFULLY RECOMMENDED** that Defendant's Motion be **DENIED** *without prejudice*.

In order to ensure Defendant's receipt of this Report and Recommendation, the Government is hereby **ORDERED** to effect personal service on Defendant.

Pursuant to Local Magistrate Rule 4 (b), the parties have ten (10) days from service of this Report and Recommendation to serve and file written objections, if any, with the Honorable K. Michael Moore, United States District Judge. Failure to file timely objections shall bar the parties

from attacking on appeal the factual findings contained herein. Loconte v. Dugger, 847 F.2d 745 (11th Cir. 1998); cert denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

**RESPECTFULLY RECOMMENDED** in Chambers at Miami, Florida on this 18th day of May 2009.

*[signature]*

**WILLIAM C. TURNOFF**
**UNITED STATES MAGISTRATE JUDGE**

cc:   Hon. K. Michael Moore, United States District Judge
      Counsel of Record